GOSS *v.* McKINNEY.

WILD *v.* SAME.

REFORMATION OF INSTRUMENTS—VENDOR AND PURCHASER—TRUSTS.
  Where employee, commissioned to purchase two farms for em-
  ployer who furnished total consideration, took contracts of
  purchase in his own name without knowledge or consent of
  employer, latter is entitled to have them reformed by substi-
  tuting his name as purchaser in place of employee's; case be-
  ing governed by section 11573, 3 Comp. Laws 1915, rather
  than by section 11571.

Appeals from Washtenaw; Sample (George W.),
J. Submitted January 23, 1930. (Docket Nos. 125,
126, Calendar Nos. 34,803, 34,804.) Decided March
6, 1930. Rehearing denied April 24, 1930.

Separate bills for reformation of land contracts
by Arnold H. Goss and others, and George Wild, ad-
ministrator of the estate of Mary Braun, deceased,
and another against Ira H. McKinney. Cases were
consolidated before hearing. From decrees for
plaintiffs, defendant appeals. Affirmed.

*Wiley, Streeter, Smith & Ford,* for plaintiffs.

*Sempliner, Dewey, Stanton & Bushnell (Jason L.
Honigman,* of counsel), for defendant.

FEAD, J. In June, 1925, defendant entered the
employ of plaintiff Goss as manager of his farm.
In the same month he was commissioned by plaintiff
to purchase two other farms. Defendant took the
contracts of purchase in his own name. Plaintiff
furnished the whole consideration, both for down
payments and installments. Defendant claimed he
had a sort of partnership arrangement with plain-
tiff by which the latter was to furnish the money,

defendant was to handle the property, and they were to divide the profits. The testimony did not sustain the claim. Defendant left plaintiff's employ in the spring of 1927, and up to that time had never suggested to Goss that he, defendant, claimed any interest in the contracts. While defendant was authorized to take options in his own name, he was not authorized to take contract title in his name. Plaintiff did not know that he had done so for more than two years after the contracts were made and several months after defendant left his employ. Goss and the vendors in the contracts join in these suits to reform the instruments to insert the name of Goss for that of defendant as purchaser in each. The actions were heard together. Defendant invokes 3 Comp. Laws 1915, § 11571:

"Sec. 7. When a grant for a valuable consideration shall be made to one person, and the consideration therefor shall be paid by another, no use or trust shall result in favor of the person by whom such payment shall be made; but the title shall vest in the person named as the alienee in such conveyance, subject only to the provisions of the next section."

The case, however, is governed by section 11573:

"Sec. 9. The preceding seventh section shall not extend to cases where the alienee named in the conveyance shall have taken the same as an absolute conveyance in his own name, without the knowledge or consent of the person paying the consideration, or when such alienee, in violation of some trust, shall have purchased the lands so conveyed, with moneys belonging to another person."

Decrees for plaintiffs are affirmed, with costs.

Wiest, C. J., and Butzel, Clark, McDonald, Potter, Sharpe, and North, JJ., concurred.